UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| JASON VANORDEN,<br><br>    Plaintiff,<br><br>vs.<br><br>BANNOCK COUNTY, SHERIFF'S DEPARTMENT, CITY OF POCATELLO, SHERIFF LOREN NIELSEN, CAPTAIN KEVIN FONNSEBECK, CAPTAIN ELLE PETERSON, DEPUTY SHANNON BLOXHAM, DEPUTY IFEREIMI TABAKECE, DEPUTY SHELTON, DEPUTY JARROD PHILLIPS, DEPUTY HOFF, DETECTIVE ALEX HAMILTON, DEPUTY KATHLEEEN BALLARD, SCOTT MARCHAND, SERGEANT ERICK ANDERSON, OFFICER MATT SHUTES, SERGEANT BILL COLLINS, OFFICER TRAVIS EVANS, OFFICER DARREN DANIELS, AND JOHN DOES 1-20,<br><br>    Defendants. | Case No.: 4:14-cv-00303-REB<br><br>**MEMORANDUM DECISION AND ORDER RE:**<br><br>**PLAINTIFF'S MOTION FOR ADDITIONAL TIME TO RESPOND TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br>**(Docket No. 34)**<br><br>**DEFENDANTS' APPLICATION FOR ORDER OF DISMISSAL**<br>**(Docket No. 33)** |

Now pending before the Court are the following motions: (1) Plaintiff's Motion for Additional Time to Respond to Defendants' Motion for Summary Judgment (Docket No. 34), and (2) Defendants' Application for Order of Dismissal (Docket No. 33). Having carefully considered the record and otherwise being fully advised, the undersigned enters the following Memorandum Decision and Order:

## BACKGROUND

Plaintiff brought this wrongful death action on July 25, 2014, amending his Complaint on October 15, 2014. (Docket Nos. 1 & 4). Defendants answered Plaintiff's Amended Complaint on November 7, 2014. (Docket No. 13).

**MEMORANDUM DECISION AND ORDER - 1**

On March 31, 2015, Defendants moved for summary judgment on all claims raised by Plaintiff in his Amended Complaint.  (Docket No. 32).  Pursuant to Local Civil Rule 7.1(c)(1), Plaintiff's response to Defendants' Motion for Summary Judgment was due on or before April 24, 2015.  Plaintiff neither responded to Defendants' Motion for Summary Judgment nor moved for an extension of time to so respond before April 24, 2015.  On May 1, 2015, Defendants filed their Application for Order of Dismissal, pointing out Plaintiff's failure to respond and requesting that this Court grant their Motion for Summary Judgment.  (Docket No. 33).

On May 4, 2015, Plaintiff moved for an extension of time to respond to Defendants' Motion for Summary Judgment, contending that "counsel was ill for a week and needs one week from the date of this motion to file the response."  (Docket No. 34, p. 2).  Plaintiff's counsel's supporting affidavit acknowledges that the "response to Defendants' Summary Judgment was due a week ago" before stating:

> That as a result of Affiant's illness the week of the 20th of April affiant is just now finalizing the response.
>
> If granted a one week extension from the 4th of May affiant will have the response filed on or before that date.

(Docket No. 35, ¶¶ 3-4).  Plaintiff's counsel provides no additional justification for extending the time for responding to Defendants' Motion for Summary Judgment.

On May 6, 2015, Defendants opposed Plaintiffs' request.  (Docket No. 36).  On May 8, Plaintiff responded to Defendants' opposition and also filed a response to Defendants' Motion for Summary Judgment. (Docket Nos. 37-39).[1]

---

[1] The undersigned has not reviewed Plaintiff's response to Defendants' Motion for Summary Judgment in light of this Memorandum Decision and Order.  Accordingly, Plaintiff's response to Defendants' Motion for Summary Judgment should be sealed unless otherwise ordered.

**MEMORANDUM DECISION AND ORDER - 2**

**DISCUSSION**

Typically, Local Civil Rule 7.1(c)(1) requires a response to a motion for summary judgment, along with any supporting materials, to be filed 21 days after service of the motion on the non-moving party. It is undisputed that Plaintiff's response to Defendants' Motion for Summary Judgment was due on or before April 24, 2015. FRCP 6(b) allows for the extension of such a deadline under certain conditions:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time:
>
> (A) with or without motion or notice of the court acts, or if a request is made, before the original time or its extension expires; or
>
> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Fed. R. Civ. P. 6(b)(1)(A-B).[2] Here, Plaintiff moved for an extension of time to respond to Defendants' Motion for Summary Judgment *after* the already-imposed deadline for doing so; as such, Plaintiff must show not only good cause for more time, but also that his tardy Motion for Additional Time to Respond to Defendants' Motion for Summary Judgment was the result of excusable neglect. *See Burch v. Smathers*, 1990 F. Supp. 2d 1063, 1080 (D. Idaho 2014). In other words, part of the good cause showing generally required by this Court includes an

---

[2] There appears to be some confusion concerning the appropriate standard for considering Plaintiff's request for addition time to respond to Defendants' Motion for Summary Judgment. Initially, Plaintiff did not cite to any standard by which to consider his underlying request. Then, Defendants' opposition cites to *Idaho* Rule of Civil Procedure 16(i), before highlighting FRCP 16(b)'s "good cause" requirement dealing with the modification of scheduling orders (only mentioning in passing FRCP 6(b) when discussing a recent decision from this District). Finally, Plaintiff's reply briefing follows Defendants' lead and speaks to "good cause" and modifying terms of a scheduling order. To be clear, the instant dispute speaks to a deadline contained not in any scheduling order, but a deadline prescribed by the Local Civil Rules. Thus, FRCP 6(b) governs the issue now before the Court.

**MEMORANDUM DECISION AND ORDER - 3**

explanation for why a timely request for additional time *could not* have been made before the expiration of time – i.e., excusable neglect. Plaintiff has not met this burden.

Whether neglect is excusable requires consideration of four factors: "(1) the danger of prejudice to the opposing party; (2) the length of delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. United States Postal Serv.*, 231 F.3d 1220, 1223-24 (9th Cir. 2001) (citing *Pioneer Inv. Servs. Co. v. Brunswick Associates P'ship*, 507 U.S. 380, 395 (1993)).

The first two factors, by themselves, do not weigh heavily in favor of denying Plaintiff's request for more time. The only real prejudice to Defendants is the prejudice of being deprived of better odds at prevailing on summary judgment. However, that is not a sufficient basis to deny Plaintiff's request. "Prejudice requires greater harm than simply that relief would delay resolution of the case." *Lemoge v. United States*, 587 F.3d 1188, 1196 (9th Cir. 2009); *see also Bateman*, 231 F.3d at 1225. Moreover, if granted, Plaintiff's requested extension would delay Plaintiff's opposition to Defendants' Motion for Summary Judgment by less than three weeks – hardly a significant impediment to the action's progression, particularly when considering the case is less than a year old, no trial date is set, and the dispositive motion deadline is not until December 2015.

But the Court is more concerned with the other two factors – the reason for the delay and, relatedly, whether Plaintiff's counsel acted in good faith. To begin with, all that explains Plaintiff's counsel's apparent inability to address Defendants' Motion for Summary Judgment is counsel's own reference to an "illness" during the week of April 20, 2015. Nothing more. Even if true, there is no indication of what the specific illness was and, likewise, no explanation for

**MEMORANDUM DECISION AND ORDER - 4**

how that illness actually prevented counsel from meeting his responsibilities to his client, opposing counsel, and this Court – that is, to either respond to Defendants' Motion for Summary Judgment or prospectively move for an extension of time *before* the April 24, 2015. That Plaintiff's counsel's "practice of law got backed up" is not enough. (Docket No. 38, p. 2). Otherwise, every overworked attorney will be justified in missing a deadline.

Separately, despite any claimed illness during the week of April 20, 2015, Plaintiff's counsel ignores (1) the preceding two weeks (the weeks of April 6 & 13, 2015, after Defendants filed their Motion for Summary Judgment) whereby he was not sick and, presumably, able to work up a response to Defendants' briefing on time, and (2) the following week (the week of April 27, 2015) where he could have attempted to proactively address this thorny predicament. These circumstances suggest that it was only Defendants' May 1, 2015 Application for Order of Dismissal that prompted Plaintiff's counsel to try and justify after-the-fact why he hadn't yet responded to Defendants' Motion for Summary Judgment. As a result, the reason for the delay and Plaintiff's counsel's corresponding conduct cut against Plaintiff's request for more time.

Understanding the issue to be one within the Court's discretion, the undersigned considers the latter two factors to be most significant in this instance. *See Manzano v. California Dept. of Motor Vehicles*, 467 Fec. Appx. 683, 685 (9th Cir. 2012) (recognizing abuse of discretion standard as to FRCP 6(b)). Although a medical emergency could represent good cause and excusable neglect, there is absolutely no evidence in the record demonstrating that Plaintiff's counsel's illness was of such a magnitude that he could not, at the very least, request an extension of time before the April 24, 2015 deadline came and went – saying nothing of the work (or lack of work) performed leading up to the week of April 20, 2015. Therefore, whatever

**MEMORANDUM DECISION AND ORDER - 5**

neglect existed by way of Plaintiff's counsel's failure to timely respond to Defendant's Motion for Summary Judgment, it cannot be said to be excusable under FRCP 6(b) – an exacting standard that is much more stringent than the demonstration of "good cause" that is required where an extension of time is timely sought. This is a hard line, to be sure. But tasked with supervising the pretrial phase of litigation, findings of excusable neglect should be reserved for extraordinary cases presented by unique or extraordinary circumstances. Simply put, the record does not support such a finding here. Plaintiff's Motion for Additional Time to Respond to Defendants' Motion for Summary Judgment (Docket No. 34) is DENIED.

This does not mean, *ipso facto*, that Defendants' Motion for Summary Judgment should be granted outright. In this respect, Local Civil Rule 7.1(e)(2) provides:

> In motions brought under Federal Rule of Civil Procedure 56, if the non-moving party fails to timely file any response documents required to be filed, such failure shall not be deemed a consent to the granting of said motion by the court. However, if a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Federal Rule of Civil Procedure 56(c) or Local Rule 7.1(b)(1) or (c)(2), the court nonetheless may consider the uncontested material facts as undisputed for purposes of consideration of the motion, and the Court may grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the moving party is entitled to the granting of the motion.

Dist. Idaho Loc. Civ. R. 7.1(e)(2). With this in mind, the Court will set a hearing on Defendants' Motion for Summary Judgment and, after oral argument, consider its merits in due course. Until then, Defendants' Application for Order of Dismissal (Docket No. 33) is DENIED.

///

///

///

**MEMORANDUM DECISION AND ORDER - 6**

**ORDER**

Based on the foregoing, IT IS HEREBY ORDERED THAT:

1. Plaintiff's Motion for Additional Time to Respond to Defendants' Motion for Summary Judgment (Docket No. 34) is DENIED.  Plaintiff's responses to Defendants' Motion for Summary Judgment (Docket Nos. 37 & 39) shall be sealed unless otherwise ordered by the Court.

2. Defendants' Application for Order of Dismissal (Docket No. 33) is DENIED.  By future order, the Court will set for hearing Defendants' Motion for Summary Judgment.



DATED:  **May 11, 2015**

_Ronald E. Bush_
Honorable Ronald E. Bush
U. S. Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 7**