# UNITED STATES DISTRICT COURT
# DISTRICT OF IDAHO

| | |
|---|---|
| JASON VANORDEN,<br><br>    Plaintiff,<br><br>    vs.<br><br>BANNOCK COUNTY, SHERIFF'S DEPARTMENT, CITY OF POCATELLO, SHERIFF LOREN NIELSEN, CAPTAIN KEVIN FONNSEBECK, CAPTAIN ELLE PETERSON, DEPUTY SHANNON BLOXHAM, DEPUTY IFEREIMI TABAKECE, DEPUTY SHELTON, DEPUTY JARROD PHILLIPS, DEPUTY HOFF, DETECTIVE ALEX HAMILTON, DEPUTY KATHLEEN BALLARD, SCOTT MARCHAND, SERGEANT ERICK ANDERSON, OFFICER MATT SHUTES, SERGEANT BILL COLLINS, OFFICER TRAVIS EVANS, OFFICER DARREN DANIELS, AND JOHN DOES 1-20,<br><br>    Defendants. | Case No.: 4:14-cv-00303-REB<br><br>**MEMORANDUM DECISION AND ORDER RE:**<br><br>**PLAINTIFF'S MOTION FOR ADDITIONAL TIME TO COMPLETE FACTUAL DISCOVERY** (Docket No. 45)<br><br>**PLAINTIFF'S MOTION FOR DISQUALIFICATION** (Docket No. 48)<br><br>**PLAINTIFF'S MOTION FOR STAY OF PROCEEDINGS** (Docket No. 49) |

Now pending before the Court are Plaintiff's (1) Motion for Additional Time to Complete Factual Discovery (Docket No. 45), (2) Motion for Disqualification (Docket No. 48), and (3) Motion for Stay of Proceedings (Docket No. 49). Having carefully reviewed the record and otherwise being fully advised, the undersigned enters the following Memorandum Decision and Order concerning each of these Motions.

**A.      Plaintiff's Motion for Additional Time to Complete Factual Discovery**

The Court has been advised that the underlying factual circumstances which gave rise to this Motion no longer exist, and therefore the Court concludes that the Motion is moot.

**MEMORANDUM DECISION AND ORDER - 1**

**B.      Plaintiff's Motion for Disqualification**

Idaho Local Civil Rule 83.5(a) prescribes that:

> All members of the bar of the District Court and the Bankruptcy Court for the District of Idaho (hereafter the "Court") and all attorneys permitted to practice in this Court must familiarize themselves with and comply with the Idaho Rules of Professional Conduct of the Idaho State Bar and decisions of any court interpreting such rules.  These provisions are adopted as the standards of professional conduct for this Court but must not be interpreted to be exhaustive of the standards of professional conduct.  No attorney permitted to practice before this court will engage in any conduct which degrades or impugns the integrity of the Court or in any manner interferes with the administration of justice therein.

Dist. Idaho Loc. Civ. R. 83.5(a).  In turn, Rule 1.7 of the Idaho Rules of Professional Conduct

discusses conflicts of interest among current clients:

> (a)    Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest.  A concurrent conflict of interest exists if:
>
>    (1)    the representation of one client will be directly adverse to another client; or
>
>    (2)    there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by the personal interests of the lawyer, including family and domestic relationships.
>
> (b)    Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:
>
>    (1)    the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
>
>    (2)    the representation is not prohibited by law;
>
>    (3)    the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceedings before a tribunal; and
>
>    (4)    each affected client gives informed consent, confirmed in writing.

IRPC 1.7.

**MEMORANDUM DECISION AND ORDER - 2**

From all of this, Plaintiff argues that Defendants' counsel's role as attorney of record for the Bannock County Defendants as well as the City of Pocatello Defendants "creates a non-consentable conflict of interest and as such would result in delay and duplication of discovery, unnecessary appeals or other disputes when one or all of the Defendants revoke consent to the conflict."  Mot. for Disq., p. 2 (Docket No. 48).  According to Plaintiff:

> It is an inevitable consequence of this type of litigation, where multiple individuals from multiple agencies are being represented by the same lawyer, some of the codefendants will break down and point fingers of culpability against one another. For Plaintiff to have to endure the inevitable fallout of having to deal with new counsel late in the discovery process is not only unnecessary but unethical.  Should there be divergent testimony which leads Defense Counsel to cross examine one or more of his own clients, this would lead to direct adverse conflicts of interest. Should counsel decide not to aggressively cross examine his own client, he would be doing a disservice to his other clients.

*Id*. at pp. 3-4.  The  decision to grant or deny a motion to disqualify counsel is within this Court's discretion.  Such motions are "viewed with caution" for obvious reasons, and on this record  the Plaintiff has not established a conflict of interest warranting a court order requiring disqualification of Defendants' counsel.  *See, e.g., Weaver v. Millard*, 819 P.2d 110, 114-15 (Id. Ct. App. 1991) ("The decision to grant or deny a motion to disqualify counsel is within the discretion of the trial court [and] the moving party has the burden of establishing grounds for the disqualification. . . . . [W]here . . . the motion to disqualify comes not from a client or former client of the attorney, but from an opposing party, the motion should be viewed with caution.") (internal citations omitted).

This case follows an August 15, 2013 stand-off between Jason Van Orden and officers from the City of Pocatello Police Department, followed by his arrested and transport to Portneuf Medical treatment before being booked in the Bannock County Jail.  Two weeks later, deputies at the Bannock County Jail found Mr. Van Orden dead in his cell – he had apparently taken his

**MEMORANDUM DECISION AND ORDER - 3**

own life by hanging himself with bed linens.  Plaintiff's Complaint raises claims against two

different sets of defendants, identified and grouped by their respective involvements at two

different points in time.  First, the City of Pocatello Defendants in relation to Mr. Van Orden's

August 15, 2013 arrest (Plaintiff's Section 1983 excessive force claim); and second, the Bannock

County Defendants in relation to Mr. Van Orden's August 29, 2013 death in the Bannock

County Jail (Plaintiff's Section 1983 failure to protect claim).

However, the claims against the two different groups of defendants  – while related to a

degree – do not converge to the point of creating any conflict between the City of Pocatello

Defendants and the Bannock County Defendants.  The Court previously granted the City of

Pocatello Defendants' motion for summary judgment,[1] and in so ruling the Court specifically

emphasized the demarcation between the city and county involvement with Mr. Van Orden:

> Here, neither the City of Pocatello, nor the Pocatello Police Department, has any control over the policies, procedures, or operations of the Bannock County Jail.  It is Bannock County that owns and operates Bannock County Jail.  That is to say that, once Mr. Van Orden was delivered to the Bannock County Jail on August 15, 2013, the City of Pocatello Defendants were no longer involved in his custody and care from that point forward.  Therefore, the City of Pocatello Defendants were not (or even could have been) deliberately indifferent to a substantial risk of serious harm in the days or moments leading up to Mr. Van Orden's August 29, 2013 death.  *See Van Smith v. Franklin*, 286 Fed. Appx. 373, 374-75 (9th Cir. 2008) (upholding summary judgment in favor of defendants on plaintiff's Section 1983 failure to protect claim where defendants "had no official influence over the conditions of [p]laintiff's confinement").
>
> As a result, to the extent a Section 1983 failure to protect claim has been alleged against the City of Pocatello Defendants, it cannot stand.  The City of Pocatello Defendants' Motion for Summary Judgment is granted in this respect.

---

[1]  Whether the City of Pocatello Defendants' dismissal on summary judgment (after Plaintiff filed the instant Motion) *ipso facto* resolves any question as to the potential for a conflict of interest to exist between them and the Bannock County Defendants is not the subject of this Memorandum Decision and Order.

**MEMORANDUM DECISION AND ORDER - 4**

3/27/16 MDO, p. 14 (Docket No. 67) (citations to record omitted);[2] *see also* Opp. to Mot. for Disq., pp. 5-6 (Docket No. 51) ("This case involves allegations against separate defendants associated with separate incidents. . . . .  There is simply no overlap between the duties of the City of Pocatello and Bannock County in this matter.").

In short, the record now before the Court does not reveal either (1) that Defendants' counsel's representation of both the City of Pocatello Defendants and the Bannock County Defendants are directly adverse to one another, or (2) that Defendants' counsel's responsibilities to both the City of Pocatello Defendants and the Bannock County Defendants have been, or will be, limited in any way.  Under Rule 1.7 of the Idaho Rules of Professional Conduct, there is just no evidence of any actual conflict of interest that warrants Defendants' counsel's disqualification.  *See* IRPC 1.7(a).  Therefore, Plaintiff's Motion for Disqualification is denied.

**C.    Plaintiff's Motion for Stay of Proceedings**

Plaintiff seeks a staying of the proceedings in this matter including the scheduling order "until a hearing a decision has been made regarding the potential problems of defense counsel . . . in, not only representing both entities Bannock County and City of Pocatello, along with each individual named in the suit."  Mot. for Stay, p. 2 (Docket No. 49).  Because there is no basis to disqualify Defendants' counsel (*see supra*), there is likewise no basis to stay the action.  Therefore, Plaintiff's Motion for Stay of Proceedings is denied.

---

[2]  On this point, the undersigned went on to conclude: "In reality, this claim is more appropriately directed at the individuals and entities associated with Bannock County – other Defendants in this action.  To this end, these Defendants have separately moved for summary judgment on this issue."  3/27/16 MDO, pp. 14-15, n.12 (Docket No. 67).

**MEMORANDUM DECISION AND ORDER - 5**

## ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1.      Plaintiff's Motion for Additional Time to Complete Factual Discovery (Docket No. 45) is deemed MOOT;

2.      Plaintiff's Motion for Disqualification (Docket No. 48) is DENIED; and

3.      Plaintiff's  Motion for Stay of Proceedings (Docket No. 49) is DENIED.



DATED:  **June 27, 2016**

Honorable Ronald E. Bush
Chief U. S. Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 6**